RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/31/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00261 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JOHN MENEWEATHER | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On October 25, 2011, Defendant John Meneweather ("Meneweather") filed a letter motion [Doc. No. 52] with the Clerk of Court requesting that his federal and state sentences of imprisonment be run concurrently. In effect, Meneweather is seeking credit on his federal sentence for time spent in state custody.

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, **in the district in which he is incarcerated**. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Meneweather has only recently been received in the custody of the BOP.

Therefore, he cannot have addressed this issue with the BOP, and he certainly cannot have exhausted his remedies through the BOP. Once he has exhausted his remedies with the BOP, if Meneweather is not satisfied with its determination, he can file a section 2241 petition in the Eastern District of Texas if he remains incarcerated at the Texarkana Federal Correctional Institute.

In some cases, the BOP has contacted the Court to request input on whether a state institution should be retroactively designated for service of a defendant's federal sentence. To the extent that it may be helpful to the BOP, the Court notes that Meneweather was given a lengthy federal sentence, and the state court intended for all but two years of its sentence to run concurrently with the federal sentence. Therefore, the Court has no objection to the BOP's designation of the state institution for service of Meneweather's federal sentence, thereby reducing the total time Meneweather shall spend in custody.

At this time, however,

IT IS ORDERED that Meneweather's letter motion for credit on his federal sentence [Doc. No. 52], which this Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-file in the proper court after he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 31st day of October, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE